TEXAS ELECTRIC RY. v. HOOKS et ux.
(No. 6055.)

(Court of Civil Appeals of Texas. Austin.
March 26, 1919. Rehearing Denied
May 14, 1919.)

1. CARRIERS ☞343—INJURIES TO PASSENGER — PLEADING — NEGATIVING CONTRIBUTORY NEGLIGENCE.

Petition, in action for personal injuries, averring that plaintiff stepped partly on the track to signal defendant's interurban car to stop, and, upon receiving what she understood was the usual response that it would stop, was struck and injured while getting away from the track by the car passing by at a great speed, does not show on its face that plaintiff was guilty of contributory negligence.

2. TRIAL ☞260(8)—REQUESTED INSTRUCTION —COVERED BY CHARGE.

It is not error to refuse to give a requested instruction as to contributory negligence, which is sufficiently covered by the court's general charge.

3. TRIAL ☞252(9)—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

In action for injuries sustained by being struck by defendant's interurban car, while plaintiff was endeavoring to signal it to stop, a requested instruction, that plaintiff could not recover if she knew that the car was a special car and did not make local stops, was properly refused, where there was no evidence that plaintiff had such knowledge.

4. TRIAL ☞194(17)—INSTRUCTIONS—COMMENT ON WEIGHT OF TESTIMONY.

It was not error to refuse a special charge, which violated the statute prohibiting judges from commenting on the weight of the testimony, in that it stated that it is negligence for a passenger, intending to board a car, to get too close to the track on its approach.

5. CARRIERS ☞344 — BURDEN OF PROOF — CONTRIBUTORY NEGLIGENCE.

In action for injuries by being struck by an interurban car, while plaintiff, an intending passenger, was endeavoring to stop it, the burden of proof was upon defendant on the issue of contributory negligence.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by E. F. Hooks and wife against the Texas Electric Railway. From a judgment for plaintiffs, defendant appeals. Affirmed.

Sanford & Harris, of Waco, for appellant.
Alva Bryan and Witt, Terrell & Witt, all of Waco, for appellees.

KEY, C. J. We copy as follows from appellant's brief:

"This is a suit filed against the Texas Electric Railway by E. F. Hooks and wife, Myra Hooks, in the district court of McLennan county, Tex., Nineteenth judicial district, for damages resulting to plaintiff from personal injuries sustained by Myra Hooks, alleged to have resulted from the negligence of appellant.

"Plaintiffs alleged that on or about the 5th of October, 1916, Myra Hooks, accompanied by her small children, went to the station of Lacy in McLennan county, Tex., for the purpose of taking passage on an interurban car to Waco; that the appellant, according to its schedule, had a car due to reach the station Lacy at about 7:15 p. m.; that, for the purpose of stopping said car on its approach, the plaintiff Myra Hooks stepped partly on the track and partly on the embankment adjoining the same, in a position where she could be and was seen by the motorman operating the approaching interurban car; that said Myra Hooks gave the usual and customary signal for said car to stop when said car was about 200 or 300 yards from where said Myra Hooks was standing; that, in answer to the signal of said Myra Hooks, the motorman gave two short blasts of the whistle, but that on account of there being a road crossing between where plaintiff was standing and the interurban car at the

time of her signal, she, still remaining on the tracks in the position as alleged, again signaled to the car and received a second response, which she understood was the usual and customary response given by interurban cars to indicate that the interurban car would stop; that thereupon, after receiving the second response, plaintiff immediately proceeded to get off of the track and get in a position to board the car when it stopped; that the motorman in charge of said car, without sounding any warning to indicate that the car would not stop, passed by at a high, excessive, and dangerous rate of speed without stopping or slackening its speed and struck and injured plaintiff.

"Plaintiffs further alleged that after giving the second signal and receiving a response thereto, and believing that the car would stop, Myra Hooks proceeded to get off of and away from the track, and, while in the act of getting off of and away from said track and getting her small children ready to board said interurban car, said interurban car passed by at a dangerous and excessive rate of speed, without slackening its speed, and that, when the said Myra Hooks discovered that said car was proceeding at such a high rate of speed, she became startled and frightened and involuntarily threw up her arms and turned around, and before she could get entirely off of and away from the track, and while in the act of getting off of and away from the track, the said Myra Hooks was struck by the said interurban car on the left elbow, and as the result thereof she was seriously injured, in that there was a complete break and fracture of the large bone and process, medically known as the Elecranon process of the ulna bone of the left forearm, together with the fracturing and breaking of ligaments adjoining the same, which said injuries caused the said Myra Hooks to suffer great physical and mental pain; that two operations were necessary to secure a reunion of the broken bones; that said injuries are permanent and will incapacitate the said Myra Hooks from performing the usual household duties; that, as a result of said injuries, plaintiff incurred a large medical and surgical bill—all to plaintiff's total damage in the sum of $5,000.

"Plaintiffs alleged, as specific acts of negligence on the part of the appellant, the failure to stop said car at the time indicated it would do by their responding whistle; going at a great, unnecessary, excessive, and dangerous rate of speed at which said employés were moving and did move said car past the station at the time; failure of the motorman, after having given the usual and customary response, to slacken the speed of said car; the failure of the motorman to warn plaintiff that the car would not stop; failure of the motorman to stop or slacken the speed of the car after he saw the plaintiff on or near the right of way and in dangerous proximity to said moving car; and failure of the motorman to use the means at his command for stopping or slackening the speed of the car after seeing the plaintiff in her perilous position.

"The appellant pleaded a general demurrer, a general denial, and contributory negligence on the part of plaintiff Myra Hooks, in the following particulars, to wit:

"(1) That the car plaintiff Myra Hooks alleged inflicted injuries on her was a special train running between the town of Hillsboro, in Hill county, Tex., and the city of Waco, in McLennan county, Tex., and as such special train made no stops between the town of Hillsboro and the city of Waco; that it displayed the proper signs and signal indicating to the public, and to the plaintiff Myra Hooks in particular, that it was a special train, and that as such train did not make a stop at Lacy; and that the plaintiff knew that this was a special train, or by exercise of ordinary care could have known the same, and that as such it would not stop at Lacy.

"(2) That the said Myra Hooks deliberately, negligently, willfully, and carelessly, without exercising any care whatever for her own safety, went upon the track and right of way of appellant, without taking any care or precautions whatever to ascertain whether the position she had taken on the track and right of way was a safe position.

"(3) That the cars operated by the defendant are so constructed, which is the usual and customary construction of all interurban cars, that they overhang the rails of the track about 18 inches to 2 feet. That said Myra Hooks was familiar with said construction and knew that they overhung or extended over the rails for a distance of 18 inches or 2 feet; but notwithstanding said knowledge, without exercising ordinary care for her own safety, took a position on and near the track of said defendant, and in such close proximity as to be in danger of being struck by the overhang of said car. That said Myra Hooks knew that said car was approaching and that she was in full possession of all her faculties and, without proper care for her own safety, remained in such close proximity as to be struck by the overhang of said car.

"(4) That the car of appellant in stopping at the station Lacy stopped for the purpose of taking on and discharging passengers so that the rear end of the car, or the train, is opposite the station. That passengers are only taken on and discharged from the rear end of the car or train, and this fact was well known to Myra Hooks, but, notwithstanding said knowledge, she took a position on the track or right of way at the station Lacy, and in such close proximity thereto as to be in danger of being struck by the front end of the train as it passed her, in order to stop the rear end at the proper place for taking on and discharging passengers.

"(5) That the plaintiff Myra Hooks knew the cars were operated along and over the track at Lacy station at regular intervals, and knew that an interurban car was likely to pass at any time, and that she saw the interurban car approaching, and was physically able to take care of herself. That the said Myra Hooks knew that the position she occupied in such close proximity to the track was dangerous by reason of the overhang of said cars, or by the exercise of ordinary care could have ascertained said fact, and that said Myra Hooks could have removed herself from the dangerous position by the slightest effort; but that she continued to occupy said position up until the very time of the accident. That, up until the very time of the accident, the said Myra Hooks could have moved to a place of complete safety, but that she continued to occupy and remain in said position and was struck by said interurban car. * * *

"The case was tried to a jury and resulted in

a verdict in favor of appellees in the sum of $2,000. Judgment of the court was entered in favor of appellees for said amount."

## Opinion.

[1] The first assignment of error complains of the action of the trial court in overruling a general demurrer to the plaintiffs' petition; the contention being that the petition shows on its face that the plaintiff Myra Hooks was guilty of contributory negligence. We do not think the petition shows such fact, and therefore that assignment is overruled.

[2] The second assignment complains because the court refused to give a certain requested instruction upon the question of contributory negligence. We hold that the instruction referred to was covered by the general charge of the court, and therefore the second assignment is overruled.

[3] The third, fourth, and fifth assignments are grouped in appellant's brief, and under them but one proposition of law is submitted, which reads as follows:

"Appellant, having relied on the defense of contributory negligence on the part of appellee, in that appellee Myra Hooks, knowing that the interurban car that she endeavored to board was a special car, and did not make local stops, and knowing that interurban cars of defendant overhung the rails for a distance of eighteen inches or two feet, took a position on and near the track of this appellant so that in the usual and customary and necessary operation of said cars she was in danger of being struck, which said issues were supported by evidence, was entitled to have said issues submitted to the jury for determination by them, and a failure of the court to submit these issues is reversible error."

The testimony fails entirely to show that the plaintiff Myra Hooks knew that the car in question was a special car and did not make local stops; and therefore, as the record does not sustain the proposition submitted, the assignments referred to are overruled.

The sixth assignment of error complains of the seventh paragraph of the court's charge, wherein the plaintiffs' theory of the case was submitted to the jury. The objections referred to have been considered and found without merit, and therefore that assignment is overruled.

[4] The seventh assignment complains of the action of the court in refusing to give a special charge requested by appellant, which was properly refused, because it violated the statute which prohibits the judge from commenting upon the weight of the testimony, in that it declared and stated:

"That it is negligence for a passenger intending to board an interurban car to get too close to the track on the approach of a car."

[5] Nor did the court err, as complained in the eighth assignment, by instructing the jury that the burden of proof rested upon the defendant upon the issue of contributory negligence.

The ninth and last assignment of error complains of the verdict of the jury. That assignment has received due consideration, and we have reached the conclusion that it should be overruled. The testimony sustains the finding of the jury to the effect that the motorman in charge of the street car was guilty of negligence as alleged in plaintiffs' petition, and that Myra Hooks was not guilty of contributory negligence as alleged in the defendant's answer.

No reversible error has been shown, and the judgment is affirmed.